## Benjamin Glasscock v. McRae and Sharp.

One partner against whom a separate judgment has been recovered, is an incompetent witness for the plaintiff to prove the indebtedness as against the other partner.

APPEAL from the District Court of Livingston, *Stirling*, J.   *G. W. Watterson*, for plaintiff.   *T. A. Bartlette*, for defendant. The judgment of the court (*Slidell*, J., dissenting,) was pronounced by

PRESTON, J. The plaintiff instituted suit against the defendants, as partners in a sawmill. He propounded interrogatories to *Sharp*, whose answers were favorable to his claim; and judgment was rendered against him separately for the amount admitted to be due. *McRae* prayed for a jury; and on the trial the plaintiff offered *Sharp* as a witness, who was rejected as incompetent on the ground of interest. The plaintiff excepted to his rejection. A verdict and judgment was rendered against him, and he has appealed.

The plaintiff does not pretend that he has made out his case against *McRae*; and only contends, that the cause should be remanded for the reception of the testimony of *Sharp*.

To be competent, our code declares that the witness must be neither directly nor indirectly interested in the cause. If judgment should be rendered against *McRae*, and the plaintiff should recover the amount from him, *Sharp* would be exonerated as to the plaintiff, and *McRae* could recover but half the amount from him. So, if the plaintiff recovered from *McRae* but half the amount, *Sharp* would be so far exonerated without any liability to *McRae*. He was,

therefore, clearly interested in the plaintiff's success in the suit, and was GLASSCOCK
properly rejected as an incompetent witness. *v.*
                                                                            McRAE.

The case of *Ellis et al.* v. *Lauve et al.*, 4th Ann. 245, is analogous in its cir-
cumstances, and conclusive on the point.

The judgment of the district court is therefore affirmed, with costs.

*Judge Slidell* dissents from this opinion, referring to 3d Ann. 64.